## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Wesley R. Garland, depose and state as follows:

## INTRODUCTION AND BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been since May 2019. I am currently assigned to the Joint Terrorism Task Force ("JTTF") of the FBI's Boston Division/ Bedford, New Hampshire (NH) office. Before I became a Special Agent, I was a Police Officer in Virginia for nine years. Over my career, I have investigated and assisted investigations of robberies, burglaries, larcenies, assaults, and murders. During my career, my investigations have included the use of various surveillance techniques and the execution of various search, seizure, and arrest warrants.

2. The information set forth in this affidavit is based on my personal participation in this investigation, as well as my training and experience, and information received from other law enforcement officers. I have not set forth every detail I or other law enforcement agents know about this investigation but have set forth facts that I believe are sufficient to evaluate probable cause for the issuance of the requested complaint.

3. I submit the facts below to establish probable cause to believe that Brian LANDRY has committed the crime of threatening to assault, kidnap or murder a member of Congress in violation of 18 U.S.C. § 115(a)(1)(B).

## RELEVANT LAW

4. Title 18, United States Code, Section 115(a)(1)(B), Threatening United States Officials, provides in relevant part, that it is a crime to "threaten[] to assault, kidnap, or murder . . . a United States official . . . with intent to impede, intimidate, or interfere with such official . . . while engaged in the performance of official duties, or with intent to retaliate against such

official . . .on account of the performance of official duties." The statute defines "United States official" to include "members" of Congress. 18 U.S.C. § 115(c)(4).

## PROBABLE CAUSE

5. Brian LANDRY (hereinafter, "LANDRY") is a 66-year-old male currently residing in Franklin, New Hampshire.

6. Since approximately January 3, 2021, U.S. Senator #1 has been a member of the United States Senate.

7. On May 17, 2023, at approximately, 7:33 am central daylight time, LANDRY left a voicemail at U.S. Senator #1's district office phone line in ▮▮▮▮▮▮. The voicemail came from phone number ▮▮▮▮-8234, and is transcribed as follows: "Hey stupid I'm a veteran sniper.   And unless you change your ways, I got my scope pointed in your direction and I'm coming to get you.   You're a dead man walking you piece of fucking shit."

8. The voicemail was first provided to the U.S. Capitol Police, who corroborated that the threatening call came from ▮▮▮▮-8234, which was the only number to call the ▮▮▮▮ district office during the relevant time frame.

9. U.S. Cellular provided subscriber records to the U.S. Capitol Police, which identified LANDRY at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, as the sole subscriber on the account.   An additional records check confirmed LANDRY resides at the same address in Franklin, NH provided by U.S. Cellular.

10. The matter was then referred to the FBI's Boston Division/ Bedford, New Hampshire (NH) office for next investigative steps.

11. On May 24, 2023, I and Task Force Officer Kevin Leblanc travelled to LANDRY's Franklin residence.   After we advised LANDRY of our identities and the nature of

the interview, LANDRY informed us that he is extremely angry with certain politicians over their handling of important entitlement programs for veterans. Specifically, LANDRY said he saw on the news that U.S. Senator #1 is blocking military promotions. LANDRY admitted to calling U.S. Senator #1's office because he was angry about what he saw on the news.

12. LANDRY initially stated that he did not recall exactly what he said in the voicemail he left. After being informed of the contents of the voicemail, LANDRY acknowledged he may have said those things, but denied any intentions or desire to commit violence against U.S. Senator #1 or anyone else. The interview concluded shortly thereafter and we departed LANDRY's property.

## CONCLUSION

13. Based on the foregoing, I submit that there is probable cause to believe that LANDRY communicated a threat to kill U.S. Senator #1 via telephone from his location in New Hampshire to the Senator's ▇▇▇ office, in violation of 18 U.S.C. § 115(a)(1)(B). I respectfully request that an arrest warrant be issued.

/s/ Wesley R. Garland
Wesley R. Garland, Special Agent
Federal Bureau of Investigation

The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. Crim. P. 4.1 and affirmed under oath the content of this affidavit.

_____
HON. ANDREA K. JOHNSTONE
United States Magistrate Judge